CASE 15—PETITION EQUITY—MARCH 8.

## Tabler, &c v. Sullivan.

APPEAL FROM MERCER CIRCUIT COURT.

HOMESTEAD.—The statute prescribes the particular mode in which a homestead right may be released or waived, and strict compliance with the statute is indispensable to such release or waiver.

Where a debtor after executing a deed to land executed to the grantee a deed of assignment of all his property for the benefit of his creditors, and thereafter a suit by a creditor to set aside as fraudulent the former deed was compromised and an agreed judgment entered directing a sale of the property embraced in that deed as a part of the trust estate, the assignee to be reimbursed out of the proceeds for what he had paid on the property, this compromise judgment operated to restore to the debtor and his wife the homestead exemption in the property conveyed, and they are entitled out of the proceeds of the property to one thousand dollars in lieu of the homestead exemption, notwithstanding the fact that at the time of the compromise they exe-

cuted to the assignee a writing transferring to him all of their claim for homestead exemption under the deed of assignment, that writing never being acknowledged or recorded as required . by the statute in order to pass the homestead. The fact that the assignee entered into the compromise upon the faith the debtor ·and his wife would transfer the homestead exemption to him does not deprive the debtor and his wife of their right to the fund set apart in lieu of the homestead.

CHARLES H. RODES AND GAITHER & VANARSDALL FOR APPEL-
    LANTS.

1. The court erred in not adjudging Mrs. Tabler to be entitled to one thousand dollars in the proceeds of sale in lieu of her homestead.

    The husband can not divest himself or his wife of the homestead by a deed of assignment, in which the wife does not join. (11 Ky. Law Rep., 62.)

    A waiver of the homestead exemption must be in the manner pointed out by the statute. (Ballard's Real Estate Statutes, sec. 262 and notes thereto.)

2. Where a married woman has no power to contract she can not by her fraud render a contract which she undertakes to execute binding as an estoppel. (2 Bishop on Law of Married Women, secs. 489, 490; Owens v. Snodgrass and Wife, 6 Dana, 231.)

    In Connolly v. Branstler, 3 Bush, 702, the wife's conduct was entirely disconnected with any contract on her part. But in the case at bar there was no fraud practiced by Mrs. Tabler.

THOMPSON & WILSON FOR APPELLEE.

1. The deed of May 5, 1891 divested appellants of all right, title and claim to the Vivion property of every character and description.
2. The deed was never cancelled or annulled by the voluntary act of the parties or by the compromise judgment, and was never intended to be so annulled or set aside.
3. Sullivan has never alienated or parted with title or any right of his under the deed of May 5, 1891, except so far as the creditors of Tabler are concerned and his vendee, Vivion.
4. There is no voluntary conveyance nor any judgment of any court which reinvests Tabler and wife with the fee to the property or any interest in the proceeds thereof.
5. They are estopped by their acts and contract of February 27, 1892, to claim homestead. (Connolly v. Branstler, 3 Bush 702.)
6. Appellants having received the benefit of the $2,700 paid by appellee under the deed of May 5, 1891, and from the identical prop-

erty, they should not now be heard to ask for more. Homestead in the same property can not be twice allowed. (Whitesides v. Cushenberry, 8 Ky. Law Rep., 590.)

7. If the paper or assignment of February 27, 1892, had reference to the proceeds of the sale of the property held by appellee under the deed of May 5, 1891, then Tabler had the right to alienate that fund without consulting the wife or joining her with him, and the paper in question was amply sufficient for the purpose without the signature of the wife. (Allensworth v. Kimbrough, 79 Ky., 334.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

May 5, 1891, M. Tabler and wife, Susie B. Tabler, for the recited consideration of $3,000 in hand paid, and $2,500 to be paid ·twelve months thereafter, for which a note was given, conveyed by deed duly acknowledged, to C. B. Sulli- van, a tract of seven acres of land whereon was a dwelling house in Harrodsburg. And September 5, 1891, M. Tabler, his wife not uniting, conveyed to C. B. Sullivan in trust for payment of debts, all his other property real and personal, including choses in action, except such as was exempt from execution.

January 13, 1892, the Mercer Grain & Coal Company, creditor of M. Tabler, instituted an action against him and C. B. Sullivan to set aside the deed of May 5, 1892, upon al- leged ground it was fraudulently made to cheat, hinder and delay creditors, and in contemplation of insolvency with design to prefer. February 12, 1892, an agreement to com- promise that action was made by the parties thereto in sub- stance as follows: That the lot was to be sold by Sullivan as trustee as if it had not been deeded to him, but had passed under the deed of trust of September 5, 1891, to him as trus- tee of Tabler. That out of proceeds of the sale Sullivan was to retain $2.700 and interest, being as recited in the article of compromise, actual amount in cash paid at time of sale and deed of May 5, 1891. That the residue of proceeds was

to be reported to Mercer Circuit Court and constitute and be distributed as assets, under judgment. It was further agreed that M. Tabler surrender all right to redeem the property which he had under contract between him and Sullivan, and have benefit of the provisions of the deed of September 5, 1891, and he and his wife were to convey by general warranty to purchaser of the property when sold.

That compromise agreement was filed in and entered as judgment of the court, and subsequently there was a judicial sale of the property at the price of $5,500. But the purchaser refusing to accept a conveyance otherwise, C. B. Sullivan as trustee, and individually, and also Tabler and wife, united in a deed of the property.

The present controversy being between Sullivan and Tabler and wife, is whether $1,000 of proceeds of the seven acres of land, set apart by judgment after sale was made, in lieu of homestead right therein, belongs to him or to them. And the lower court having adjudged he was entitled individually to the fund, they have appealed.

The basis of Sullivan's claim to the fund is the following attempted transfer and assignment, executed by Tabler and wife, February 27, 1892, same date as the compromise agreement: "The suit of the Mercer Grain & Coal Company having been agreed this day to be dismissed against C. B. Sullivan and the undersigned M. Tabler, now this instrument of writing transfers and assigns to said Sullivan all of our claim for homestead exemption *under deed of assignment of September* 5, 1891, made by me to said Sullivan, and the said Sullivan is hereby authorized to retain whatever sum is allowed to us as homestead exemption by the Mercer Circuit Court in the case of C. B. Sullivan, trustee of M. Tabler v. M. Tabler and others, and this shall be his receipt for the same."

Tabler, &c v. Sullivan.

Effect of the judgment rendered in pursuance of the compromise agreement was to set aside and cancel the deed of May 5, 1891, leaving the parties to it in the same attitude they were before it was made, and to subject the seven acres of land to sale under same conditions and for same purposes as was Tabler's other property rendered subject in virtue of the deed of trust of September 5, 1891; except that Sullivan was to retain out of proceeds amount of cash consideration for the land.

As then the compromise agreement when made judgment of court operated to restore the homestead exemption right in the seven acres of land as though it had never been conveyed or attempted to be conveyed, the result is it could not be released or waived except in the manner prescribed by the statute. And as the written transfer relied upon by Sullivan was, though signed by Tabler and wife, never acknowledged or recorded as required by the statute in all cases, it was ineffectual to divest them or either of them of the homestead right. Nor does the fact Tabler and wife agreed to release it, or the additional fact Sullivan entered into the compromise upon faith they would release and transfer the homestead exemption to him, deprive them of their right to the fund set apart in lieu of it. The statute prescribes the particular mode in which a homestead right may be released or waived, strict compliance with which this court has often held to be indispensable, and Sullivan must now abide the consequence of failing to procure such release or waiver in the only sufficient and effectual mode.

Wherefore the judgment is reversed and cause remanded for further proceedings consistent with this opinion.